UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANJON MAREQUIS DOUGLAS,<br><br>Plaintiff,<br><br>v.<br><br>METRO GOLDWYN-MAYER and AMAZON,<br><br>Defendants. | No. 2:23-cv-02245 KJM AC PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and that request was previously granted. ECF No. 3; 28 U.S.C. § 1915(a)(1). The initial complaint was rejected pursuant to the screening process that accompanies IFP status, and plaintiff was given leave to file an amended complaint. ECF No. 3. Plaintiff's subsequent filing, which is a supplement to the initially rejected complaint, is now before the court for screening. ECF No. 4.

I.   THE SCREENING REQUIREMENT

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1

Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II.   THE COMPLAINT

The initial compliant alleged that defendants were violating plaintiff's intellectual property rights by using his "real life situation and likeness. Most of the time a player you name in rhyme." ECF No. 1 at 4. Plaintiff alleged his life is being "copied most of the time someone that rhymes with AnJon. Real incounters [sic.] without asking for permission. All the way up to stealing intellectual property. It is a violation of my rights I would like to be paid for this use." Id. at 5. The court rejected the complaint for failure to state a claim and gave plaintiff 30 days to file an amended complaint. ECF No. 3 at 3-5. Plaintiff filed a document on October 19, 2023, which is a photocopy of a Wikipedia page for the 2004 movie "Soul Plane." ECF No. 4 at 2-3. Plaintiff wrote on the cover page that he forgot to put the name of the film in the original complaint. Id. at 1.

## III.   ANALYSIS

Plaintiff does not state a claim upon which relief can be granted, and this case must be dismissed. The complaint does not contain facts supporting any cognizable legal claim against any defendant. The court finds that the complaint and the supplement, taken together and/or separately, consist entirely of delusional statements. The contents of the complaint and the supplement make it clear that amendment would be futile. The undersigned will therefore recommend that this case be dismissed with prejudice. See Noll, 809 F.2d at 1448.

## IV.  CONCLUSION

Accordingly, the undersigned recommends that this case be DISMISSED with prejudice because it consists of entirely delusional statements and fails to state a claim upon which relief can be granted. It is further recommended that leave to amend not be granted because amendment would be futile.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: November 27, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE